IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC STE'PHON STEWART, #83318                                          PETITIONER

VERSUS                                    CIVIL ACTION NO. 3:10-cv-547-DPJ-FKB

WARDEN DENMARK, et al.                                                RESPONDENTS

ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Eric Ste'phon Stewart, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**I. Background**

Petitioner states that he pled guilty to robbery of a bank with a note on June 25, 2010, in the Circuit Court of Hinds County, Mississippi. Pet. [1] at 1. He received a 15-year sentence with seven years suspended and eight years to serve in the custody of the Mississippi Department of Corrections (MDOC). *Id.* Petitioner argues as grounds for habeas relief the following:

> Ground 1 - No initial appearance in court;
> Ground 2 - No lawyer until almost 18 months after arrest
> Ground 3 - No due process of law
> Ground 4 - Equal protection rights.

Pet. [1] at 5, 7, 8, 10. As relief, Petitioner requests that he be released immediately, his conviction be stricken from his record and all jail time be accredited to his initial five years of probation. Pet. [1] at 15.

**II. Analysis**

After reviewing Petitioner's application for habeas corpus relief and response [9] and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). In order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). As a general matter, a habeas petition is dismissed when the petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

In order for this Court to determine if Petitioner has exhausted the state remedies available to him, an order [8] was entered on January 26, 2010, directing him to provide said information. On February 4, 2011, Petitioner filed his response [9] which stated that after he pled guilty to the crime of bank robbery he did not exhaust "the complaint through the Mississippi Supreme Court because of his limited knowledge in the legal field." He further requested in his response [9] that "this Court . . . issue a[n] immediate order granting leave from the Federal Court whereas [he] can immediately file a Post Conviction Application with the Mississippi Supreme Court concerning this matter or the proper state court."

Under Mississippi law, Petitioner does not have a right to a direct appeal to the Mississippi Supreme Court since he pled guilty. Miss. Code Ann. § 99-35-101 (1972). Petitioner does, however, have an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Mississippi Code Annotated §§ 99-39-1 to -29 (1972). Petitioner has three

years after the entry of judgment of the conviction to file a motion under this statute. Miss. Code Ann. §§ 99-39-5 (2) (1972), as amended. Petitioner states that he was convicted on June 25, 2010, and is clearly within the time period to file such a motion. Because Petitioner has not exhausted his available state court remedies through the Mississippi Post-Conviction Collateral Relief Act, this Court finds that Petitioner has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c). As such, Petitioner's request for habeas relief will be denied for failure to exhaust his state court remedies which are available to him.

### III. Conclusion

Petitioner's request for habeas relief is dismissed without prejudice based on his failure to exhaust his state court remedies.

A Final Judgment in accordance with this Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2011.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE